(No. 30854.—

THE PEOPLE *ex rel.* Tony Marino, Petitioner, *vs.* JOSEPH E. RAGEN, Warden, Respondent.

*Opinion filed September 22, 1949.*

WM. SCOTT STEWART, of Chicago, and ROSARIO GAZIANO, of Rockford, for petitioner.

GEORGE F. BARRETT, Attorney General, of Springfield, (WILLIAM C. WINES, of Chicago, of counsel,) for respondent.

Mr. JUSTICE FULTON delivered the opinion of the court:

Petitioner, Tony Marino, filed a motion in this court for leave to prosecute as a poor person, and for leave to file an original petition for a writ of *habeas corpus,* which was allowed. Respondent answered and a traverse by the petitioner followed.

The case has an unusual history. At or about the time this petition was filed the petitioner presented to this court applications for *mandamus* and *certiorari,* both of which were denied. He also sued out a writ of error, *post,* p. 37, in which an opinion is filed this day.

In 1925 petitioner was indicted for murder in the circuit court of Winnebago County. He pleaded guilty to the charge and was sentenced to the Illinois State Penitentiary for the term of his natural life.

In 1947, Marino filed a petition for a writ of *habeas corpus* in the circuit court of Winnebago County, seeking discharge on the ground that his constitutional rights had been violated at the time of sentence. On a hearing in the circuit court, the writ of *habeas corpus* was quashed and the petitioner remanded to the custody of the warden. Under Illinois practice any petition which raises questions of fact cannot be considered in this court and an application for a writ of *certiorari* was filed in the Supreme Court of the United States. The Attorney General of the State of Illinois filed a confession of error in that court to the writ of *certiorari.* Passing upon the common-law record only, and in the light of the confession of error filed by the Attorney General, that court held that petitioner had been denied due process of law, ordered that the judgment of the court below be vacated and remanded the case to the circuit court of Winnebago County for appropriate proceedings.

In accordance with that mandate the circuit court of Winnebago County heard further testimony and held full and complete hearings in order to determine whether or

not the petitioner had been afforded a fair trial at the time of his conviction and whether or not he had been denied any of his constitutional rights. At the close of the hearings and based upon conclusive testimony, the circuit court held adversely to the contentions of petitioner and ordered that the writ of *habeas corpus* be quashed and that petitioner be remanded to the custody of the respondent.

Petitioner then made application for *certiorari* in the Supreme Court of the United States, where *certiorari* was denied.

Exactly the same record presented to the United States Supreme Court has been filed in this case. Nothing to impeach that record, and no new or different question has been raised in the pending petition.

It is, therefore, the order of this court that the writ of *habeas corpus* be quashed, and the petitioner, Tony Marino, be remanded to the custody of the respondent, Joseph E. Ragen, Warden of the Illinois State Penitentiary.

*Petitioner remanded.*